UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:13-CV-54-GFVT

GLEN REED II,                                                                    PLAINTIFF,

V.                            **MAGISTRATE JUDGE'S REPORT**
                                   **AND RECOMMENDATION**

CAROLYN W. COLVIN,
Commissioner of Social Security Administration,                           DEFENDANT.

## I.  INTRODUCTION

Plaintiff, Glen Reed, II, brings this action under 42 U.S.C. § 405(g) to challenge the

Defendant Commissioner's final decision denying Plaintiff's applications for a period of disability

and disability insurance benefits (DIB) as well as for Supplemental Security Income (SSI).  This

matter has been referred to the undersigned for preparation of a Report and Recommendation

pursuant to 28 U.S.C. § 636 (b)(1)(B). [Record No. 8].  Now ripe for decision on the parties' cross-

motions for summary judgment, and for the reasons set forth herein, it is recommended that the

Plaintiff's Motion for Summary Judgment [Record No. 6] be denied, the Defendant's Motion for

Summary Judgment [Record No. 7] be granted, and that Judgment be entered affirming the final

decision of the Commissioner.

## II.  FACTUAL BACKGROUND & PROCEDURAL HISTORY

On April 29, 2010, the Plaintiff filed an application for disability insurance benefits, and on

April 30, 2013 he filed an application for supplemental security income benefits. [Tr. 179-184].  In

both applications, the Plaintiff alleged disability since January 9, 2009. Id.  In his Disability Report,

Form SSA-3368, the Plaintiff claimed his work ability was limited due to screws in his right foot, trouble walking, obesity, nervousness, pain and swelling in his feet and legs, back pain, depression, anxiety, trouble sleeping, and deep vein thrombosis. [Tr. 230]. His claim was denied initially [Tr. 114-117], and on reconsideration [Tr. 120-122]. After denial of his claims, Plaintiff requested a hearing in front of an Administrative Law Judge ("ALJ"). [Tr. 126-127].

On January 27, 2012, a video hearing was held before ALJ Jerry Meade. [Tr. 39-54]. The Plaintiff testified at the hearing, and was represented by David Hicks. [Tr. 39-54]. The ALJ also heard testimony from a vocational expert, Dwight McMillion. [Tr. 39-54]. ALJ Meade denied Plaintiff's claim for benefits in a written decision dated February 27, 2012. [Tr. 16-35]. In evaluating Plaintiff's claim, the ALJ applied the five-step sequential evaluation process to determine that he was not disabled. *See* 20 C.F.R. §§ 404.1520; 416.920. At the first step, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of his application for benefits. [Tr. 22]. Next, the ALJ found that the Plaintiff has the following severe impairments: mild degenerative changes of the lumbar spine; a history of a post surgical right foot fracture; a post surgical right knee medial meniscus tear; obesity; major depressive disorder; and generalized anxiety disorder. [Tr. 22]. At step three, the ALJ found that Plaintiff's medically determinable impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. [Tr. 22-24].

Before proceeding to the fourth step, the ALJ found that Plaintiff's impairments left him with the residual functional capacity ("RFC") to perform a limited range of light work as defined by the Regulations. [Tr. 25]. Specifically, with respect to his physical limitations, the ALJ described Plaintiff's residual functional capacity as follows:

Claimant can do light and sedentary work that includes occasional pushing and pulling with the right lower extremity; occasional operation of foot controls with the right lower extremity; occasional kneeling and crouching; no climbing of ropes, ladders or scaffolds; no concentrated exposure to excessive vibration and hazards such as moving machinery and unprotected heights. The claimant can understand and remember detailed instruction and procedures requiring brief initial learning periods; can sustain concentration, effort and pace for detailed tasks requiring some independent judgment and involving minimal variation; can interact as needed with supervisors and peers for task completion, but no more than occasionally with the public; and can adapt adequately to situational conditions and changes.

[Tr. 25].

The fourth step of the analysis is to determine whether the Plaintiff's residual functional capacity would allow him to perform the requirements of his past relevant work. The Plaintiff's relevant employment experience is as a grounds keeper, pizza cook, machine operator/material handler, and counter attendant/cashier. [Tr. 29]. Based on the requirements of the Plaintiff's past relevant work, the ALJ found that he could not return to past relevant work. [Tr. 29].

At the fifth and final step, relying on the testimony of the Vocational Expert ("VE") and taking into consideration Plaintiff's age, educational background, past relevant work experience, and residual functional capacity, the ALJ must determine whether the Plaintiff is capable of making a successful adjustment to work existing in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.159(a); 416.969(a). Based on the testimony of the Vocational Expert, the ALJ held that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy . . . ." [Tr. 30]. Based on these findings, the ALJ determined that the Plaintiff was not under a "disability" as defined by the Social Security Act. [Tr. 30].

Following the adverse decision of the ALJ, the Plaintiff properly exhausted his

administrative remedies by appealing to the Social Security Appeals Council. [Tr. 1-7]. On appeal, the Appeals Council affirmed the ALJ's decision. [Tr. 1-7]. On June 6, 2013, Plaintiff initiated the present action by filing his Complaint in the United States District Court for the Eastern District of Kentucky. [Record No. 1]. In his Motion for Summary Judgment, the Plaintiff argues for the reversal of the ALJ's decision based on a lack of substantial evidence. [Record No. 6]. The Commissioner responds that the ALJ's decision should be affirmed, as it is supported by substantial evidence. [Record No. 7]. Following briefing, this matter was referred to the undersigned for preparation of a Report and Recommendation. [Record No. 8].

### III . STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), a reviewing court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." Longworth v. Comm'r Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005) (citations omitted). The scope of judicial review is limited to the record itself, and the reviewing court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993) (citations omitted).

The Sixth Circuit has held that "substantial evidence exists when a reasonable mind might accept the relevant evidence as adequate to support a conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004) (citations omitted). The limited nature of substantial evidence review prevents the reviewing court from substituting its judgment for that of the ALJ. Rather, so long as substantial evidence exists, the reviewing court should affirm the ALJ's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion."

Longworth, 402 F.3d at 595 (citations omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the [Commissioner] may proceed without interference from the courts." Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir.1994) (citations omitted).

Additionally, an ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." Blakely v. Comm'r of Soc. Sec., 581 F.3d 399, 407 (6th Cir. 2009) (citations omitted). The Court will not uphold a decision, even if supported by substantial evidence, where the Commissioner "fails to follow [his] own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." Bowen v. Comm'r of Soc. Sec., 478 F.3d 742, 746 (6th Cir. 2007).

On appeal, the Plaintiff presents one (1) argument for the reversal of the Commissioner's final decision denying his benefits:

1.    The Secretary's decision to deny the Plaintiff benefits must be reversed as it does not reflect the substantial evidence in the record.

[Record No. 6-2].

For the reasons discussed below, the Court recommends that Plaintiff's Motion for Summary be denied and the Defendant's Motion for Summary Judgment be granted.

**V. BURDEN OF PROOF**

5

Plaintiff's sole argument on appeal to this Court is that the ALJ committed error by substituting his own impression of the severity of Plaintiff's disability instead of relying on the "substantial and uncontradicted" medical and testimonial evidence of the Plaintiff's treating physicians provided in the record. [Record No. 6-2]. The Commissioner correctly contends that the substantial evidence provided in the record supported the ALJ's decision, and that the Plaintiff has failed to meet his burden of proving error [Record No. 7].

The plaintiff bears the burden on appeal to the district court to show that the administrative decision was in error. Scharlow v. Schweiker, 655 F.2d 645, 648 (5th Cir. 1981); Brooks v. Sullivan, 766 F.Supp. 584, 588 (N.D. Ill. 1991). This burden on appeal stems from the overall burden plaintiff bears to prove disability at all stages of the administrative proceedings. Scharlow, 655 F.2d at 648; Brooks, 766 F.Supp. 588; See 20 C.F.R. 404.1512(a)(c); See also 42 U.S.C. 405(g). Because plaintiff bears the burden on appeal to show that the administrative decision was erroneous, general allegations of error will not support a claim that an ALJ's decision is unsupported by substantial evidence. Pugh v. Secretary of Health, Education and Welfare, 448 F.Supp. 37, 41 (D. Kan. 1978).

In this case, the Plaintiff alleges a variety of errors by the ALJ without directing the Court to any portion of the record. The alleged errors include the following: that the denial of benefits in this case is not based upon substantial evidence; rather, that the denial is based upon the "ALJ's arbitratry and capricious" decision to improperly discount the severity of the plaintiff's impairments; that the ALJ substituted his impression of the Plaintiff's disability over medical judgments in the record; that the opinions of treating physicians are entitled to greater weight than the contrary opinions of a consulting physician; that the ALJ's hypothetical did not

correctly reflect the restrictions and evidence in the record; and, finally, that the Plaintiff's right knee condition, combined with his obesity, causes him to meet or equal a listed impairment, specifically, Listing 1.02(A). With the exception of the argument that the Plaintiff meets a listed impairment under 1.02(A), all other arguments of error are unsupported by any reference to specific errors in the ALJ's decision, and because the ALJ's decision is well within the "zone of choice" contemplated by <u>Bowen</u>, Plaintiff's general, unsubstantiated claims are without merit.

In regards to Plaintiff's argument that he meets a listed impairment, the Plaintiff asserts that the findings of "crushing knee syndrome" from treating physican Dr. Christian Lattermann ("Lattermann") combined with the Plaintiff's obesity, is alone sufficient to qualify under Listing 1.02(A). <u>Id.</u> However to qualify under Listing 1.02(A), the Plaintiff would have had to provide medical evidence that his condition resulted in the inability to ambulate effectively for any consecutive twelve month period. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.02A. The ALJ found that during a consultative exam in August 2010, the Plaintiff could bilaterally heel and tandem walk, and move around the examination room without an assistive device. [Tr. 281-282]. In subsequent examinations between October 2011 and December 2012, the ALJ found that the Plaintiff was walking without a limp and had stopped using his crutches. [Tr. 402, 431, 511]. These findings provide sufficient evidence to support the ALJ's conclusion that he did not meet a listed impairment under the 1.02(A) Listing. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 416.905(a), 416.909; *See also* <u>Barnhart v. Walton</u>, 535 U.S. 212, 217 (2002).

For the reasons discussed above, the Plaintiff failed to meet his burden. As the Plaintiff has failed in his burden of presenting colorful claims of error, the undersigned will recommend that his motion for summary judgment be denied.

# VI. CONCLUSION

For the foregoing reasons, it is RECOMMENDED that the Plaintiff's Motion for Summary Judgment [Record No. 6] be DENIED, the Defendant Commissioner's Motion for Summary Judgment [Record No. 7] be GRANTED, and that Judgment be entered affirming the final decision of the Commissioner.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed January 7, 2014.

Signed By:

*Edward B. Atkins* ℰβA

United States Magistrate Judge